IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE WARREN, § | | |
| TDCJ No. 2247222, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:21-cv-787-M-BN |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Wayne Warren, a Texas prisoner proceeding *pro se*, filed this 28 U.S.C. § 2254 habeas action challenging a Johnson County criminal conviction. Specifically, Warren plead guilty to assault family violence, enhanced, and received a five-year sentence on February 11, 2019. *See State v. Warren*, DC-F201700801 (413th Jud. Dist. Ct., Johnson Cnty., Tex. Feb. 11, 2019); Dkt. No. 20-2 at 2. Warren waived his right to appeal, and he did not file one. *See* Dkt. No. 19-4 at 18; https://search.txcourts.gov/Case.aspx?cn=WR-91,455-01&coa=coscca (search for Michael Wayne Warren and trial court case number DC-F201700801; last visited September 15, 2022). (Although Warren asserts in his federal habeas petition that he did file a direct appeal, the information he provided about the alleged appeal confirms that he is actually referencing his state habeas petition. *See* Dkt. No. 3 at 3.)

1

Warren filed a state habeas petition on June 18, 2020. *See* Dkt. No. 20-4 at 2. The Texas Court of Criminal Appeals ("TCCA") denied the application without a written order on March 10, 2021. *See Ex parte Warren*, WR-91,455-01 (Tex. Crim. App. Mar. 10, 2021); *see also* Dkt. No. 20-4 at 3.

Warren then filed this federal habeas application on March 30, 2021. *See* Dkt. No. 3 at 10. The Court referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) pursuant to a standing order of reference from United States District Judge Barbara M. G. Lynn. The State responded to Warren's application, arguing that it should be dismissed as untimely. *See* Dkt. No. 20. Warren filed a reply. *See* Dkt. No. 21. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Warren's federal habeas application with prejudice as untimely.

**Legal Standards**

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong

3

of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[1] Further, even assuming an extraordinary circumstance exists, it must actually prevent the filing of a timely habeas petition; that is, the extraordinary circumstance must actually cause the late filing. *See, e.g.*, *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (noting that the causal-connection requirement of the equitable tolling test prevents equitable tolling relief "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance").

As for diligence, "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute

---

[1] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

## Analysis

Warren makes the following claims for habeas relief:

(1) That he received ineffective assistance of counsel because his attorneys:

    a. Did not work his case as if he was a paid client;

    b. failed to discover discrepancies between police statements and victim statements and/or failed to work those discrepancies into their legal strategy;

    c. failed to discover that the offense report incorrectly stated Warren's criminal history and/or failed to address this issue in their legal strategy; and

    d. failed to introduce a recording from the victim in which she said she would ruin Warren's life if he ever tried to leave.

(2) That a State's witness committed perjury through a written statement.

(3) That a police detective provided false evidence, namely, a statement in the offense report that Warren had been "locked up" 18 times and was a white male.

Dkt. No. 3 at 6-7.

The State contends, however, that Warren's federal habeas application is barred by AEDPA's statute of limitations, and the undersigned agrees.

### A. Application of AEDPA's Limitations Period

The timeliness of most Section 2254 applications is determined under Section 2244(d)(1)(A), based on the date on which the judgment became final.

For purposes of Section 2244(d)(1)(A), a state criminal judgment becomes final under the AEDPA on "the date on which the [state] judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing 28 U.S.C. § 2244(d)(1)(A)). "When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Id.* (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)). However, "[i]f the defendant stops the appeal process before that point" – as Warren did here – "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts*, 319 F.3d at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

"Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review." *Butler*, 533 F.3d at 317. (citation omitted). So, federal courts look to state law to determine how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

Here, Warren entered a guilty plea on February 11, 2019. Dkt. No. 19-4 at 21. Pursuant to state law, he had 30 days, or until March 13, 2019, to file a direct appeal. TEX. R. APP. PROC. 26.2(a)(1). Warren, however, waived his right

7

to a direct appeal and did not file one. *See* Dkt. No. 19-4 at 18; *see also* https://search.txcourts.gov/Case.aspx?cn=WR-91,455-01&coa=coscca (search for Michael Wayne Warren and trial court case number DC-F201700801; last visited September 15, 2022). Accordingly, for purposes of Section 2244(d)(1)(A), his judgment became final on March 13, 2019, and he had until March 13, 2020, to file his federal habeas application. *See, e.g.*, *Castle v. Davis*, Civil Action No. 3:18-CV-0016-D (BH), 2018 WL 6729677, at *2 (N.D. Tex. Nov. 26, 2018), *rec. accepted* 2018 WL 6726635 (N.D. Tex. Dec. 21, 2018) (finding that Texas habeas petitioner's judgment became final thirty days after the judgment was entered because the petitioner did not file a direct appeal) (citing TEX. R. APP. P. 26.2(a)(1)). But he did not file his federal application until March 30, 2021, which was over a year late. *See* Dkt. No. 3 at 10.

Warren did file a state habeas application on June 18, 2020 (Dkt. No. 20-4 at 2), but this did not toll the federal limitations deadline because it was filed after the federal habeas deadline, March 13, 2020, had already expired. *See Scott v. Johnson*, 227 F.3d 360, 363 (5th Cir. 2000). Thus, unless a later accrual date applies, Warren's federal habeas application is untimely.

Warren argues that he only discovered the basis for his claims when his attorney mailed him the offense report and indictment. He says specifically that his attorney "sent court and police records to Mr. Warren on May 24, 2019 and Warren found the false allegations and mistakes only then." Dkt. No. 21 at 1. He attaches a letter from attorney, dated May 24, 2019, that says a copy

8

of the offense report and indictment were attached per Warren's request. *Id.* at 2. Thus, liberally construing his filings, Warren argues that Section 2244(d)(1)(D) should supply a later actual date.

Under Section 2244(d)(1)(D), the limitations period begins to run on the date that the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). But Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay…while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). It runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir 2015) (citing *Flanagan*, 154 F.3d at 199).

And courts have, as with the equitable tolling doctrine, put the burden on the petitioner to show his petition is timely under Section 2244(d)(1)(D) by demonstrating the date that the factual predicate of the claim could have been discovered through the exercise of due diligence. *See, e.g., Koon v. Cain*, Civil Action No. 13-2538, 2014 WL 120894, at *5 (W.D. La. Jan. 13, 2014) (noting that the petitioner bears the burden of establishing the date the factual predicate of his claims could have been discovered through the exercise of due diligence) (citing *Mead v. Cain*, Civil Action No. 08-3173 (E.D. La. 2010); (*Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2003)); *see also Rick*

9

*v. Harpstead*, 564 F.Supp.3d 771, 787 (D. Minn. 2021) ("For these reasons, the Court finds that Rick has failed to prove that this petition is timely under Section 2244(d)(1)(D). Thus, it is time-barred unless the actual-innocence exception (addressed below) applies."); *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (noting that "[t]he petitioner has the burden of persuading the court that he has exercised due diligence in his search for the factual predicate of his claim").

Applying those principles, Warren fails to show that his habeas petition is timely pursuant to Section 2244(d)(1)(D). Initially, the undersigned assumes that there is a connection between some of Warren's claims (namely, those dependent on information or discrepancies in the offense report) and the materials that his attorney sent. Still, he does not allege when, specifically, he could have discovered the factual predicate of the claims in his federal habeas petition, much less demonstrate that he exercised due diligence. Failing to allege when the factual predicate could have been discovered is especially important here because it prevents the Court from determining that his claims would be timely even if Section 2244(d)(1)(D) applied. Assuming, for example, that the factual predicate of the claims could have been discovered on or around May 24, 2019, when his attorney sent the materials to him, his federal petition would still be untimely under Section 2244(d)(1)(D) because he did not file his potentially deadline-tolling state habeas petition until June 2020 – more than a year after he would have received the records from his attorney.

Warren does not argue, for example, that, though sent to him on May 24, 2019, he did not receive the materials from his attorney until some later date that might, with the help of statutory tolling from his state petition, make his federal application timely. Thus, given the absence of anything indicating when, specifically, Warren claims to have discovered the factual predicate of his claims, it is impossible to meaningfully evaluate whether his federal application would be timely under Section 2244(d)(1)(D). *See*, *e.g.*, *Redmond*, 295 F.Supp.2d at 772 (noting that because "Petitioner does not indicate when he discovered the factual predicate of his claims, the Court is unable to determine when the one-year period would commence pursuant to § 2244(d)(1)(D)").

Related to that issue, Warren has not established that he exercised due diligence in discovering the factual predicate of his claims. He states that he learned of his claims when his counsel sent him the records, but the record is silent as to why that information could not have been discovered earlier and what steps, if any, Warren took to discover it besides contacting his attorney at some unspecified time before May 24, 2019. *See id.* ("The primary problem the Court has with invoking § 2244(d)(1)(D) to allow the one-year period to run from the date of discovery of this evidence is that Petitioner has failed to offer any explanation how the factual predicate of his claims could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover these claims.").

Thus, Warren fails to show that Section 2244(d)(1)(D) applies or, that, even if it did, his application would be timely.

### B. Equitable Tolling

Nor is Warren entitled to equitable tolling. Again, liberally construing Warren's briefing, he claims that equitable tolling should apply because he was unaware of his potential claims and only discovered them when his counsel mailed him his offense report and indictment on May 24, 2019.

But, as explained above, to get the benefit of equitable tolling, the petitioner has the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (internal quotation marks and citations omitted). And Warren has not made either of those showings here.

Even assuming solely for purposes of analysis that Warren was unable to discover the basis for his claims until he received the offense report and that this constitutes an extraordinary circumstance for tolling purposes, he has not shown that this prevented him from timely filing a federal habeas petition by the March 13, 2020, deadline. Assuming he discovered the basis for his claims on or around May 24, 2019, when his attorney mailed the records, he still had nearly ten months to file a federal habeas application or a state application that would have tolled the federal deadline. He did not do so.

And Warren, who has the burden of proof on this issue, does not argue

that he did not receive the records – though mailed to him on May 24, 2019 – until some later date that might have prevented him from filing a federal application by the March 13, 2020, deadline. He has not, therefore, shown an extraordinary circumstance prevented him from filing on time.

Similarly, Warren's lack of specifics and the conclusory nature of his argument prevents the undersigned from finding that he acted with the requisite diligence. He does not explain what steps he took to discover the offense report besides requesting it from his attorney at some unspecified point before May 24, 2019. Nor does he explain the steps that he took to file the federal application (or deadline tolling state application) by the March 13, 2020, deadline, assuming he received the records from his attorney before then. Assuming he did not receive the records until some later date, he still fails to show diligence in a different way: he fails to show why he could not have gotten the records sooner.

In sum, pursuant to AEDPA, Warren's federal habeas application was due on or before March 13, 2020, but he did not file it until March 2021. Statutory tolling does not apply because Warren filed his state habeas application in June 2020, months after the deadline for filing a federal application. Equitable tolling does not apply either because Warren fails to show both an extraordinary circumstance that prevented him from timely filing the federal application and that he acted diligently.

**Recommendation**

The Court should dismiss Warren's application for a writ of habeas corpus with prejudice as untimely.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: September 20, 2022.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE